UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD D. DAVIS, III,<br><br>Plaintiff,<br><br>v.<br><br>FOLSOM CORDOVA UNIFIED<br>SCHOOL DISTRICT, et al.,<br><br>Defendants. | No.  2:15-cv-1714-GEB-KJN PS<br><br><u>ORDER AND</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Presently pending before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Folsom Cordova Unified School District ("FCUSD"), Debbie Bettencourt, Ann Botsford, and Heidi Schultz.  (ECF No. 10.)[1]  Plaintiff Richard D. Davis III, proceeding without counsel, has opposed the motion, and defendants subsequently filed a reply brief.  (ECF Nos. 11-16, 18-19.)[2]

After carefully considering the written briefing, the court's record, and the applicable law, the court recommends that the motion be granted and the action be dismissed with prejudice.

---

[1] The action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

[2] The motion was submitted without oral argument upon the record and written briefing pursuant to Local Rule 230(g).  (ECF No. 17.)

1

BACKGROUND

The background facts are taken from plaintiff's original complaint, unless otherwise noted. (See generally Complaint, ECF No. 1 ["Compl."].)  According to plaintiff, this case "is a continuation of District Court Case No. 2:11-cv-01242 KJM DAD, which is actively under appeal with the Ninth Circuit in case No. 13-15868." (Compl. ¶ 18.)[3] Plaintiff, a parent of two now-adult daughters who previously attended schools in the FCUSD, alleges that he initially filed a complaint of gender discrimination with the California Department of Education in 2009, contending that female cheerleaders at Vista del Lago High School were held to higher academic standards than members of male-dominated football teams.  About two weeks after the filing of the complaint, FCUSD and its employees purportedly commenced a campaign of continued retaliation which lasted until about May 30, 2015. (Compl. ¶ 19.); see also Davis v. Folsom Cordova Unified School District et al., 2:11-cv-1242-KJM-DAD, ECF No. 44.  The 2011 action by plaintiff in this court, which was dismissed with prejudice and is currently on appeal in the Ninth Circuit, concerned primarily alleged retaliatory acts that were taken against plaintiff's older daughter Danielle with respect to her participation in the cheerleading program.  Davis v. Folsom Cordova Unified School District et al., 2:11-cv-1242-KJM-DAD, ECF No. 44.  The present action concerns primarily alleged retaliatory acts that were taken against plaintiff's younger daughter Brittany.

According to plaintiff, in continued retaliation for plaintiff's 2009 gender discrimination complaint, as well as his pending litigation against FCUSD, his daughter Brittany was taken out of her Independent Educational Program ("IEP"); was denied further testing as requested by plaintiff and his wife; and was precluded from participation in certain senior year classes and

---

[3] The court grants defendants' request for judicial notice of orders and other filings in plaintiff's prior cases in this district.  Under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001); see also Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").  However, judicial notice is limited to the existence of such documents, including that certain arguments were made and certain orders were issued, and does not extend to the truth of all matters asserted in such documents.

social activities, such as the homecoming dance, the homecoming royalty election, and publication in the year book, under the pretext that Brittany did not take enough classes at Vista del Lago High School as opposed to her home study program through a different school. (Compl. ¶¶ 23-41.) Plaintiff alleges that these retaliatory actions were orchestrated, at times in very vaguely-alleged ways, by Debbie Bettencourt, the District Superintendent for FCUSD; Anne Botsford, a Vice Principal at Vista del Lago High School; and Heidi Schultz, the Student Government Teacher for Vista del Lago High School. (Compl. ¶¶ 11-17.) Plaintiff claims that, through defendants' harassment, discrimination, and intimidation of Brittany, defendants retaliated against and mentally tortured plaintiff, compelling plaintiff to seek medical attention for anger, depression, and other mental distress, which also adversely affected plaintiff's ability to defend his constitutional rights at the Ninth Circuit Court of Appeals. (Compl. ¶¶ 21, 32, 50.)

Based on the above, plaintiff asserts the following claims: (1) retaliation in violation of the First Amendment pursuant to 42 U.S.C. § 1983; (2) retaliation in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 et seq. ("Title IX"); (3) violation of the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; (4) violation of the Due Process Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; and (5) violation of the Ninth Amendment for deprivation of fundamental rights located in the International Covenant on Civil and Political Rights ("ICCPR") and Convention against Torture ("CAT") pursuant to 42 U.S.C. § 1983. All claims are asserted against all defendants, except for the Title IX claim, which is only asserted against FCUSD. (Compl. ¶¶ 3-7.) The individual defendants are sued in their individual and official capacities. (Compl. ¶¶ 11-16.) Plaintiff seeks compensatory damages, punitive damages, costs, and attorneys' fees. (Compl. ¶¶ 81-94.)

LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see

1  also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss,
2  a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that
3  is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.
4  Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads
5  factual content that allows the court to draw the reasonable inference that the defendant is liable
6  for the misconduct alleged."  Id.

7       In considering a motion to dismiss for failure to state a claim, the court accepts all of the
8  facts alleged in the complaint as true and construes them in the light most favorable to the
9  plaintiff.  Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not,
10 however, required to accept as true conclusory allegations that are contradicted by documents
11 referred to in the complaint, and [the court does] not necessarily assume the truth of legal
12 conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at
13 1071.  The court must construe a *pro se* pleading liberally to determine if it states a claim and,
14 prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity
15 to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v.
16 Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police
17 Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed,
18 particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342
19 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when
20 evaluating them under the standard announced in Iqbal).

21      On a motion to dismiss under Rule 12(b)(6), the court "may generally consider only
22 allegations contained in the pleadings, exhibits attached to the complaint, and matters properly
23 subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899
24 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not consider a
25 memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a
26 Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th
27 Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant
28 leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

DISCUSSION

        Claims under 42 U.S.C. § 1983

        As an initial matter, defendants correctly contend that the Eleventh Amendment provides FCUSD and the individual defendants sued in their official capacities with immunity from plaintiff's 42 U.S.C. § 1983 claims. See Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 251, 254 (9th Cir. 1992) (holding that, in California, school districts are state agencies for purposes of the Eleventh Amendment); Corales v. Bennett, 567 F.3d 554, 573 (9th Cir. 2009) (noting that school districts in California are immune from § 1983 claims by virtue of Eleventh Amendment immunity); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and thus "is no different from a suit against the State itself").

        Defendants further argue that plaintiff's 42 U.S.C. § 1983 claims against the individual defendants in their individual capacities are not viable. That argument has merit. 42 U.S.C. § 1983 provides as follows:

> Every person who, under color of [state law]…subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

        As was found to be the case in plaintiff's prior action, the fundamental problem with plaintiff's claims under 42 U.S.C. § 1983 here is that plaintiff fails to allege how any of the defendants deprived *plaintiff himself* of a right secured by the Constitution or laws of the United States. To be sure, the complaint alleges various adverse actions that were allegedly taken against plaintiff's daughter Brittany, purportedly to indirectly retaliate against, and mentally torture, plaintiff. But even assuming, without deciding, that such adverse actions against Brittany

amounted to constitutional violations, plaintiff does not have standing to prosecute such claims on Brittany's behalf.  Indeed, Brittany, who is now an adult, is not a party to this action.

Although, by his own account, plaintiff experienced severe emotional distress over the perceived mistreatment of Brittany, causing an individual to suffer emotional distress does not in itself constitute a violation of a federally guaranteed right,[4] and plaintiff fails to allege how he himself suffered any actual, direct adverse action at the hands of any defendant that amounted to a constitutional violation.  Springer v. Durflinger, 518 F.3d 479, 483 (7th Cir. 2008) ("To prevail on their § 1983 retaliation claim, the parents need to prove (1) that they were engaged in constitutionally protected speech; (2) that public officials took adverse actions against them; and (3) that the adverse actions were motivated at least in part as a response to the plaintiffs' protected speech."); Burch v. Regents of University of California, 433 F. Supp.2d 1110, 1130 (E.D. Cal. 2006) ("[T]o establish a prima facie case of retaliation under the First Amendment, [plaintiff] must show that (1) [he] engaged in protected speech on a matter of public concern; (2) . . . defendants took an 'adverse employment action' against [him]; and (3) [his] speech was a 'substantial or motivating' factor" for the adverse action.); see also Allen v. Wright, 468 U.S. 737, 755 (1984) (holding parents lack standing to challenge IRS procedures allowing racially discriminatory schools to have exempt status on the basis of "stigmatizing injury often caused by racial discrimination" because "such injury accords a basis for standing only to 'those persons who are personally denied equal treatment' by the challenged discriminatory conduct"); Jones v. Beverly Hills Unified Sch. Dist., 2010 WL 1222016, at *4 n.8 (C.D. Cal. Mar. 24, 2010) (concluding that parent did not have standing to bring retaliation claim based on deprivation of parent's opportunity to watch daughter play basketball and having to witness daughter suffer from disappointment of not making the team); Harry A. v. Duncan, 351 F. Supp.2d 1060, 1068 (D. Mont. 2005) (noting that case law does "not provide constitutional protection from any state action that has the ultimate effect of disturbing the tranquility of the parent-child relationship.  If

---

[4] Even if plaintiff's suffering of emotional distress somehow interfered with plaintiff's prosecution of his Ninth Circuit appeal of the prior action, that does not transmute the suffering of emotional distress into a constitutional claim.

they did, one can imagine endless claims brought under § 1983, given the emotional immaturity of many teenagers and the frequently grating interactions between high school officials and students."); Morgan v. City of New York, 166 F. Supp.2d 817, 819 (S.D.N.Y. 2001) (granting motion to dismiss parent's complaint brought pursuant to § 1983 because there was no indication that the parent "suffered any harm other than emotional distress due to the alleged discrimination against her daughter."); cf. Maynard v. City of San Jose, 37 F.3d 1396, 1403 (9th Cir. 1994) (concluding that a white male could bring a retaliation claim under 42 U.S.C. § 1983 where he alleged that he was demoted and eventually terminated for complaining about discrimination against minority applicants because he "is not suing on behalf of anyone else. He asserts his own right to be free from retaliation, alleges injuries that are personal to him, and is the only effective plaintiff who can bring this suit.").

Additionally, the court observes that any reliance on the Ninth Amendment, the ICCPR, and CAT is misplaced. The Ninth Amendment "has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation." Schowengerdt v. United States, 944 F.2d 483, 490 (9th Cir. 1991). Likewise, a claim under the ICCPR is not viable, because that treaty is not self-executing and does not itself create obligations enforceable in the federal courts. Serra v. Lappin, 600 F.3d 1191, 1197 (9th Cir. 2010). Plaintiff has also failed to demonstrate how the CAT, which was designed to protect eligible aliens from being returned to countries where they would more likely than not face torture, has any plausible application to this case.

For these reasons, all of plaintiff's claims under 42 U.S.C. § 1983 are subject to dismissal.

Claim under Title IX

As noted above, plaintiff also asserts a claim for retaliation in violation of Title IX against FCUSD. Title IX provides, in part, that: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…." 20 U.S.C. § 1681(a). "Title IX's private right of action encompasses suits for retaliation, because retaliation falls within the statute's prohibition of intentional discrimination on the basis of sex." Jackson v.

1  Birmingham Bd. of Educ., 544 U.S. 167, 178 (2005).  Under Title IX, the victim of the retaliation
2  need not himself be a member of the protected class, because to prevail on the merits of a Title IX
3  retaliation claim, a plaintiff need only show that he was retaliated against because he complained
4  of sex discrimination.  Id. at 184.  The elements of a prima facie case of Title IX retaliation are:
5  (a) that the plaintiff was engaged in protected activity; (b) that the plaintiff suffered an adverse
6  action; and (c) that there was a causal link between the two.  Emeldi v. Univ. of Oregon, 698 F.3d
7  715, 724 (9th Cir. 2012).

8  Plaintiff's Title IX claim suffers from essentially the same fatal defect as his 42 U.S.C. §
9  1983 claims – plaintiff fails to allege that he himself suffered any direct adverse action at the
10 hands of any named defendant.  See Jones, 2010 WL 1222016, at *4 (dismissing parent's Title IX
11 retaliation claim because the claim was "based on retaliation directed at her daughter, not her, i.e.,
12 [daughter] did not make the girls' basketball team because [parent] complained."); cf. Jackson,
13 544 U.S. at 171-84 (holding that high school basketball coach who was fired for complaining that
14 the girls' team was not treated as well as the boys' team had standing to bring retaliation claim
15 under Title IX, because the adverse action was directed towards him).

16 As such, plaintiff's Title IX claim is likewise subject to dismissal.

17 Leave to Amend

18 Ordinarily, the court liberally grants a *pro se* litigant leave to amend.  However, granting
19 leave to amend is not warranted where further amendment would be futile.  See Cahill v. Liberty
20 Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

21 Plaintiff's prior action in this district, which asserted virtually identical claims under 42
22 U.S.C. § 1983 and Title IX with respect to the alleged retaliation suffered by his older daughter
23 Danielle, was dismissed on the same grounds as those outlined in this order.  See Davis v. Folsom
24 Cordova Unified School District et al., 2:11-cv-1242-KJM-DAD, ECF Nos. 57, 60.  As such,
25 plaintiff was well aware of the standing problem with respect to asserting claims based on adverse
26 actions allegedly taken against his daughter.  Furthermore, plaintiff's opposition to defendants'
27 motion to dismiss does not provide any additional facts or other showing indicating that plaintiff
28 could cure the above-mentioned defects.  Therefore, the court recommends dismissal with

prejudice.

CONCLUSION

Because the court concludes that all of plaintiff's claims should be dismissed with prejudice for the reasons outlined above, the court finds it unnecessary to address defendants' remaining arguments for dismissal.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 10) be GRANTED.

2. The action be dismissed with prejudice.

3. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that:

1. The December 17, 2015 status conference is vacated.

2. All pleading, discovery, and motion practice are stayed pending resolution of these findings and recommendations.  With the exception of objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions or filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  November 6, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE